IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01432-OES

TIMOTHY JOHN BOULE,
Applicant,

v.

H. A. RIOS, JR., Warden, FCI-Florence, CO,
HARLEY LAMPINN, Director of B.O.P.,
MICHAEL K. NALLEY, Regional Director of B.O.P., and
ALBERTO GONZALES, Attorney General of U.S.A.,
Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 5 2005

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

Applicant Timothy John Boule is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution at Florence, Colorado. Mr. Boule has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court must construe the application liberally because Mr. Boule is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Boule will be ordered to file an amended pleading.

The court has reviewed the application filed in this action and finds that the claims Mr. Boule asserts are not habeas corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Mr. Boule is not challenging the validity of his

conviction or the execution of his sentence. Instead, he challenges the conditions of his confinement. Specifically, Mr. Boule complains about his placement in the administrative detention unit. As relief he asks to be transferred to another prison.

Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, because the claims Mr. Boule raises in this action properly should be asserted in a civil rights action, he will be directed to file a Prisoner Complaint if he wishes to pursue his claims in this action. Mr. Boule is reminded that he must allege specific facts in the Prisoner Complaint in support of each asserted claim.

Mr. Boule also must demonstrate how each Defendant personally participated in the asserted violations of his rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Boule must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, Mr. Boule must demonstrate in the amended pleading that he has exhausted administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter v. Nussle**, 534 U.S. 516, 532 (2002). Mr. Boule's contention that he is not required to exhaust administrative remedies is not correct.

Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Boule must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Boule has not exhausted administrative remedies with respect to each claim he asserts, the entire action must be dismissed.

Finally, the court notes that Mr. Boule has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. However, because Mr. Boule's claims properly are asserted in a civil rights action, he must pay the $250.00 filing fee. **See** 28 U.S.C. § 1915(b)(1). Therefore, Mr. Boule will be ordered to make monthly payments in accordance with § 1915(b)(2) until the filing fee is paid in full. Accordingly, it is

ORDERED that Mr. Boule file **within thirty (30) days from the date of this order** an amended pleading that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Boule, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Boule submit sufficient copies of the amended pleading to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Boule fails within the time allowed to file an original and sufficient copies of an amended pleading that complies with this order to the court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that, until the $250.00 filing fee is paid in full, Mr. Boule shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Mr. Boule is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order. In order to show cause, Mr. Boule must file a current certified copy of his trust fund account statement. It is

FURTHER ORDERED that if Mr. Boule fails to have the appropriate monthly payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice.

DATED at Denver, Colorado, this 5th day of August, 2005.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01432-OES

Timothy John Boule
Reg. No. 07663-046
FCI – Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 8/5/05

GREGORY C. LANGHAM, CLERK

By: /s/ Andrea
Deputy Clerk